UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OCTAVIANO BAUTISTA CARACHURE,

Petitioner,

v. Case No. 3:26-cv-2397-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This cause is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 and Request for Expedited Consideration (Doc. 1; Petition), filed September 14, 2026, by Maribel Carachure as mother and next friend of Octaviano Bautista Carachure, an immigration detainee. See generally Petition; see Declaration of Maribel Carachure in Support of her Authority to Proceed as Next Friend (Doc. 1-1; Declaration) at 1.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on

behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). However, "'next friend' standing is by no means granted automatically . . . ." Id. at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation—such as the real party's mental incompetence or lack of access to the courts—and show that she is truly dedicated to the interests of the real party. Id.

Here, Maribel Carachure does not demonstrate that "next friend" status is appropriate. There is no indication that Octaviano Bautista Carachure is mentally incompetent or has been denied access to the courts. See generally Petition; Declaration. Additionally, Maribel Carachure's assertions that Octaviano Bautista Carachure "cannot freely travel to the courthouse, personally file documents, or control when communications and outgoing legal correspondence will be processed" due to his detention are conclusory and unsupported. Declaration at 1. Indeed, many pro se petitioners in immigration custody face the same conditions as Octaviano Bautista Carachure and have litigated their cases on their own. Because Maribel Carachure does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Octaviano Bautista Carachure's behalf. See Francis v. Warden,

FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)[2] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Moreover, even if next-friend status was warranted, Maribel Carachure does not claim to be an attorney. See generally Petition; Declaration. Therefore, she cannot represent her son in this action. See Grappell v. Carvalho, 847 F. App'x 698, 701 (11th Cir. 2021) (per curiam) ("While individuals in federal court generally may 'may plead and conduct their own cases personally,' . . . the right to appear pro se does not extend to non-attorney parties representing the interests of others." (internal citation and alterations omitted)); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

attorney next friend must be represented by an attorney in order to represent incompetent litigant).

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Octaviano Bautista Carachure a blank petition for writ of habeas corpus form for use in § 2241 cases. If Octaviano Bautista Carachure chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of September, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Octaviano Bautista Carachure